## Niessen et al. v. Loewe

*Henry A. McCarthy*, for plaintiffs.

*Wolf, Block, Schorr & Solis-Cohen*, for mortgagor.

MACNEILLE, J., December 14, 1937.—We are considering a rule to strike from the record a satisfaction of a judgment.

The plaintiffs are ultimate assignees of a bond and mortgage, dated July 15, 1919, given by Edgar M. Loewe, one of the defendants, in the principal sum of $2,500.

On February 3, 1934, pursuant to a sci. fa. the plaintiffs caused a judgment to be entered upon the mortgage against the mortgagor aforesaid and the real owners for want of an affidavit of defense. At the sheriff sale, held thereafter on March 5, 1934, the premises were sold to the plaintiffs for $50.

On June 13, 1935, the defendant, Edgar M. Loewe, cause the aforesaid judgment to be marked satisfied of record pursuant to the provisions of the Deficiency Judgments Act of January 17, 1934, P. L. 243. On October 5, 1936, the Supreme Court handed down its decision in the case of Beaver County B. & L. Assn. v. Winowich et ux., 323 Pa. 483, in which it held the aforesaid Deficiency Judgments Act unconstitutional.

On June 18, 1937, plaintiffs filed their petition setting forth the above facts and asking that the satisfaction of the judgment should be stricken from the records. This rule is being disposed of on petition and answer which establishes the facts we have outlined. All the relevant facts involved in this case were decided by the Supreme Court in the case of Beaver County B. & L. Assn. v. Winowich et ux., supra, and we are bound by this decision.

We cannot agree with the contention of the defendant that plaintiffs are barred by laches. There is nothing in the record to indicate that the plaintiffs were at any time notified that the judgment had been satisfied of record, and there was no duty on the plaintiffs to watch the judgment index. In addition to that, the legislature passed an act on March 24, 1937, P. L. 112, which provides that no judgment which has been satisfied under the Deficiency Judgments Act shall have the satisfaction of the judgment stricken from the record unless proceedings be instituted within three months from the effective date of that act. The petition in this case was presented on June 18, 1937, which was within the three months' period, and we are bound to hold that it was presented in time.

The situation in the case of The Real Estate Trust Co. of Phila. v. Kahler et ux., 30 D. & C. 206, relied on by the defendant, is entirely different from the one here involved, because in that case the mortgagee had taken affirmative steps under the Deficiency Judgments Act and obtained a deficiency judgment. Under such circumstances he was estopped and could not later have this judgment stricken from the record. The plaintiffs in this case have taken no affirmative steps at all to establish a deficiency judgment. This brings us to a conclusion that we would prefer to avoid, as we realize it may work a hardship on the defendant.

For the reasons indicated, the rule to strike from the record the satisfaction of judgment entered by the defendant mortgagor is made absolute.